[Cite as *State v. Grier*, 2019-Ohio-331.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-P-0102** |
| LARRY D. GRIER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2015 CR 00043.

Judgment: Appeal dismissed.

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Larry D. Grier,* pro se, PID: A672-442, Marion Correctional Institution, P.O. Box 57, 940 Marion-Williamsport Road, Marion, OH 43302 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} This matter is before this court on the pro se motion for leave of appellant, Larry D. Grier, to file a delayed appeal, pursuant to App.R. 5(A). Along with his motion, appellant filed his notice of appeal in the trial court on December 12, 2018.

{¶2} Appellant appeals from the trial court's entry of August 5, 2015, convicting him of trafficking in heroin and failure to comply and sentencing him to serve 10 years in prison and a 5-year license suspension.

{¶3} A timely notice of appeal from the August 5, 2015 judgment entry was due no later than September 4, 2015, which is not a weekend or a holiday. Thus, appellant's appeal is untimely by over three years.

{¶4} No brief or memorandum in opposition to appellant's motion has been filed.

{¶5} App.R. 4(A)(1) states, in part:

{¶6} "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within thirty days of that entry."

{¶7} App.R. 5(A) provides:

{¶8} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶9} "(a) Criminal proceedings;

{¶10} "(b) Delinquency proceedings; and

{¶11} "(c) Serious youthful offender proceedings.

{¶12} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals."

{¶13} In his motion, appellant asserts that he just learned of his appellate rights while in prison, and neither the trial court nor his trial counsel advised him of those rights.

2

**{¶14}** While appellant's reason might justify a reasonable delay of time in filing his appeal, given the length of time of over three years before initiating an appeal, it is evident that appellant was not diligent in taking the proper steps to protect his own rights.

**{¶15}** Accordingly, it is ordered that appellant's motion for leave to file a delayed appeal is hereby overruled.

**{¶16}** Appeal dismissed.

THOMAS R. WRIGHT, P.J.,

DIANE V. GRENDELL, J.,

concur.